STEPHEN LESHER

*v.*

ALBERT SHERWIN.

1. FORCIBLE DETAINER — *proof of defendant's possession.* Where the vendor of real property brings forcible detainer against the purchaser to recover possession for non-compliance with the contract of sale, it will be sufficient to show

that the defendant at the time the suit was brought was in possession by himself, or by others holding under him.

2. SAME —*possession by another after suit.* Possession of a part of premises sought to be recovered in forcible detainer, taken after suit brought, by a railway company on a proceeding to condemn for right of way, can not in any manner affect the plaintiff's rights, nor will the fact that the company, before suit, made a survey across the premises, as this constitutes no possession.

3. SAME —*purchaser, when estopped from denying plaintiff's right to possession.* Where a defendant enters into possession of real estate under a contract of purchase, and fails to comply with such contract, he will be estopped from denying his vendor's right to possession in forcible detainer, and the plaintiff need not prove any prior possession in himself.

4. SAME —*evidence to show failure to comply with purchase.* In forcible detainer by the vendor of land against his vendee to recover possession, there is no error in the admission in evidence, on the part of the plaintiff, of the written agreement to sell, and of a tender of a deed under the contract, to show that defendant had failed to comply with his agreement.

APPEAL from the Circuit Court of Kane County; the Hon. HIRAM H. CODY, Judge, presiding.

Mr. CHARLES WHEATON, for the appellant.

Messrs. BOTSFORD & BARRY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee having entered into an agreement to sell to appellant a distillery property and some town lots, and the latter having failed to make payment under the agreement, the former declared the contract at an end, and brought forcible detainer to recover possession. A trial was had, resulting in a verdict and judgment in favor of plaintiff; and defendant appeals.

It is first urged that the evidence fails to sustain the verdict. It is said there is no evidence that appellant was in possession of the property, unless it be the distillery and grounds attached. This is manifestly a misconception of what the transcript discloses. On turning to the record, we find that appellee, on his cross-examination, testified that when he came back from California, about June 1, 1874, Lesher then had the possession and keys to the buildings.

He said : " There are, I think, some other parties in possession of a portion of the property under Lesher." Again, appellant, after his purchase, and whilst the matter of the right of way by the Chicago and Pacific Railway across the distillery property was in litigation, filed an affidavit in which he swore he had purchased the property of appellee about April 14, 1874 ; that he took immediate possession, and then held, and had ever since held, the possession of the premises. Now, appellant when on the stand fails to contradict or explain this evidence. It is true, he says the Potter property was part of the premises, and has been occupied by others than himself, and was so occupied at the time of the trial. He does not state that the others occupying the premises did not hold under him, and if they did, as stated by appellee, their possession was his. The evidence was sufficient to warrant the finding that appellant was in possession of the property when the action was brought.

Again, appellant must have so considered it at the trial, as no such question was made by the instructions asked by him. This question seems to have been raised for the first time in this court, and without any sufficient grounds to support it. As to the possession of the right of way by the railroad company, it was acquired after appellant purchased and went into possession of the premises, and in fact after this suit was brought. The summons was issued on September 2, 1874, and the track was not constructed or possession taken until some time afterward, in the fall of 1874. Such possession taken after suit commenced could in nowise affect appellee's rights. Nor does the fact that the railroad company had made a survey across the premises before that time in the slightest degree change appellee's rights. That did not constitute possession by the company, nor did it have the slightest element of possession. All persons, surely, know that merely passing over the land of another, either with or without legal permission, does not give or amount to possession.

It is next urged that there is no evidence of a prior possession of the premises by appellee. Why such proof was necessary we are wholly unable to conjecture. Appellant contracted for their purchase from appellee, and entered into possession under that purchase, and having failed to comply with his contract, he is estopped from denying appellee's right of possession. The fifth clause of the 2d section of the "Forcible Entry and Detainer" Act in express terms gives the action in a case like the present. Its provisions are so plain and unmistakable that no amount of discussion could render it clearer.

It is also urged that the court erred in admitting in evidence the written agreement to sell the premises, and evidence of a tender of the deed conveying the premises to appellant. We can hardly suppose that counsel can be serious in urging this objection. These papers were not offered as evidence of title to the premises. They did not have the slightest tendency to prove title in appellee. They were only offered to prove that appellant had, in the language of the statute, failed to comply with his agreement. The sale was made, appellant entered into possession under it, failed to comply with his agreement, and withheld possession after demand in writing, and under the provisions of the statute appellee had a complete cause of action, and rightfully recovered, under the evidence.

The giving and refusing of instructions were in accordance with the views here expressed, and the court committed no error thereby. The judgment of the court below must be affirmed.

*Judgment affirmed.*